Justice Breyer,
concurring.
If Fourth Amendment law forced us to choose between two bright-line rules, (1) a rule that always found one tenant’s consent sufficient to justify a search without a warrant and (2) a rule that never did, I believe we should choose the first. That is because, as The Chief Justice’s dissent points out, a rule permitting such searches can serve important law enforcement needs (for example, in domestic abuse cases), and the consenting party’s joint tenancy diminishes the objecting party’s reasonable expectation of privacy.
But the Fourth Amendment does not insist upon bright-line rules. Rather, it recognizes that no single set of legal rules can capture the ever-changing complexity of human life. It consequently uses the general terms “unreasonable searches and seizures.” And this Court has continuously emphasized that “Reasonableness ... is measured . . . by examining the totality of the circumstances.” Ohio v. Robinette, 519 U. S. 33, 39 (1996); see also Illinois v. Wardlow, 528 U. S. 119, 136 (2000) (Stevens, J., concurring in part and dissenting in part); Florida v. Bostick, 501 U. S. 429, 439 (1991); Michigan v. Chesternut, 486 U. S. 567, 572-573 (1988); Florida v. Royer, 460 U. S. 491, 506 (1983) (plurality opinion).
The circumstances here include the following: The search at issue was a search solely for evidence. The objecting *126 party was present and made his objection known clearly and directly to the officers seeking to enter the house. The officers did not justify their search on grounds of possible evidence destruction. Cf. Thornton v. United States, 541 U. S. 615, 620-622 (2004); Skinner v. Railway Labor Executives’ Assn., 489 U. S. 602, 623 (1989); Schmerber v. California, 384 U. S. 757, 770-771 (1966). And, as far as the record reveals, the officers might easily have secured the premises and sought a warrant permitting them to enter. See Illinois v. McArthur, 531 U. S. 326 (2001). Thus, the “totality of the circumstances” present here do not suffice to justify abandoning the Fourth Amendment’s traditional hostility to police entry into a home without a warrant.
I stress the totality of the circumstances, however, because, were the circumstances to change significantly, so should the result. The Court’s opinion does not apply where the objector is not present “and objecting].” Ante, at 121.
Moreover, the risk of an ongoing crime or other exigent circumstance can make a critical difference. Consider, for example, instances of domestic abuse. See ante, at 117-118. “Family disturbance calls . . . constitute the largest single category of calls received by police departments each year.” Mederer & Gelles, Compassion or Control: Intervention in Cases of Wife Abuse, 4 J. of Interpersonal Violence 25 (Mar. 1989) (emphasis deleted); see also, e. g., Office of the Attorney General, California Criminal Justice Statistics Center, Domestic Violence Related Calls for Assistance, 1987-2003, County by Year, http://ag.ca.gov/cjsc/publications/misc/ dvsr/tabs/ 8703.pdf (as visited Mar. 1, 2006, and available in Clerk of Court’s case file) (providing data showing that California police received an average of 207,848 domestic violence related calls each year); Cessato, Defenders Against Domestic Abuse, Washington Post, Aug. 25, 2002, p. B8 (“In the District [of Columbia], police report that almost half of roughly 39,000 violent crime calls received in 2000 involved domestic violence”); Zorza, Women Battering: High Costs *127 and the State of the Law, Clearinghouse Review 383, 385 (Special Issue 1994) (“One-third of all police time is spent responding to domestic disturbance calls”). And, law enforcement officers must be able to respond effectively when confronted with the possibility of abuse.
If a possible abuse victim invites a responding officer to enter a home or consents to the officer’s entry request, that invitation (or consent) itself could reflect the victim’s fear about being left alone with an abuser. It could also indicate the availability of evidence, in the form of an immediate willingness to speak, that might not otherwise exist. In that context, an invitation (or consent) would provide a special reason for immediate, rather than later, police entry. And, entry following invitation or consent by one party ordinarily would be reasonable even in the face of direct objection by the other. That being so, contrary to The Chief Justice’s suggestion, post, at 139, today’s decision will not adversely affect ordinary law enforcement practices.
Given the case-specific nature of the Court’s holding, and with these understandings, I join the Court’s holding and its opinion.